GULOTTA, Judge.
Plaintiff seeks a reversal of the decision of the New Orleans Civil Service Commission (the Commission) dismissing her appeal from her termination of employment with the Department of Streets. Finding no error in the Commission’s conclusion that plaintiff was a probationary employee when discharged and thus not entitled to an appeal before the Commission, we affirm.
Plaintiff began employment as a probationary employee on January 19,1981 under a six month “working test” extending until July 19,1981. On July 17, two days prior to the expiration of the probationary period, plaintiff’s supervisor told her that she was terminated from her position and handed her a letter of termination, dated July 13, from the Director of Streets, dismissing her as of the close of business on July 17. Although the copy of the letter handed to plaintiff was unsigned, she received the signed original by Certified Mail on July 21, 1981.
On July 20, after oral dismissal by her supervisor, but before receipt of the certified letter, plaintiff notified the Director of Personnel of the City Civil Service that she wished to appeal the July 17 termination. Thereafter, the City filed an exception of no right or cause of action on the ground plaintiff was a probationary employee when terminated and not entitled to an appeal before the Commission. After hearing the testimony of plaintiff and her supervisor concerning the circumstances of plaintiff’s dismissal, and further argument by counsel, the Commission dismissed plaintiff’s appeal.
Plaintiff’s argument in this court is twofold. She claims that she was not a probationary employee at the time of her dismissal since she did not receive a signed letter of termination until after July 19,1981, and that the Department of Streets failed to prove the original letter of termination was signed by the Director during her probationary period. Alternatively, she contends that, even if she were a probationary employee, LSA-R.S. 33:2417 entitles her to receive written notice of the proposed termination ten days prior to the expiration of the working test period. She argues that failure to notify her properly was tantamount to a recognition that her work was satisfactory and invalidated her dismissal.[1]
We find no merit to plaintiff’s contention that she was not a probationary employee when terminated. It is undisputed that plaintiff’s immediate supervisor told her she was terminated on July 17, and gave her copy of the letter of termination. Significantly, in the written request for appeal, on July 20, 1981, plaintiff recognized that she had been terminated on July 17.
According to Rule VII Sec. 1.1 of the City Civil Service Rules[2] a probationary *260 employee may be removed for cause at “any time during his working test period, after the first two months”. The appointing authority must “forthwith” report to the Director and the employee the reason for the removal. In our case, plaintiff’s receipt of the letter of termination setting forth the reasons for dismissal within four days of the oral notification to her during the probationary period constituted compliance with the rule. Under these circumstances, we conclude that a showing was made that plaintiff was dismissed and properly notified of her termination during her probationary period.
We likewise find no merit to plaintiff’s second contention, that she is entitled to a written notice of her proposed termination ten days prior to the expiration of her working test period as provided for in R.S. 33:2417. This statute has been superseded by LSA-Const. 1974, Art. 10, Sec. 10(A)(1), which provides, in pertinent part:
Sec. 10. (A) Rules. (1) Powers. Each commission is vested with broad and general rule-making and subpoena powers for the administration and regulation of the classified service, including the power to adopt rules for regulating employment, promotion, demotion, suspension, reduction in pay, removal, certification, qualifications, political activities, employment conditions, compensation and disbursements to employees, and other personnel matters and transactions; to adopt a uniform pay and classification plan; to require an appointing authority to institute an employee training and safety program; and generally to accomplish the objectives and purposes of the merit system of civil service as herein established.
See also LSA-Const. Art. 10, Sec. 10(A)(4), which provides that Civil Service rules shall have the effect of law.
The provision in the City Civil Service Rules for a ten-day notification period prior to the expiration of a working test period concerns extension of the probationary period.[3] The City Civil Service Rules clearly provide that a probationary employee may be removed during his working test period for cause. Other than the requirement that the authority “forthwith” report to the employee of the reason for his removal, which has been satisfied in our case, we find no ten-day notice requirement as provided in LSA-R.S. 33:2417. Insofar as this statute, which predated the Constitution of 1974, conflicts with the Constitution and Civil Service Rules adopted pursuant to the Constitution, the latter supersedes the statute and prevails.[4]
*261 Having so concluded, we find no error in the Commission’s conclusion that plaintiff was removed during her probationary period and was notified timely of the reasons for her removal. Plaintiff was not entitled to an appeal before the commission.
The judgment is affirmed.
AFFIRMED.

. LSA-R.S. 33:2417 provides, in pertinent part: Ten days prior to the expiration of an employee’s working test period, the appointing authority shall notify the director in writing whether the services of the employee have been satisfactory and whether he will continue the employee in his position. A copy of the notice shall be given to the employee ten days prior to the expiration of his working test period. Upon approval by the director of a favorable report, the appointment of the employee shall be complete at the expiration of the working test period. Failure by an appointing authority to give the ten days’ notice to the director and a copy thereof to the employee shall have the same force and effect as a satisfactory report.

. Rule VII, Sec. 1.1 of the City Civil Service Rules, provides in pertinent part: “At any time during his working test period, after the first *260 two months thereof, the appointing authority may remove an employee if, in the opinion of the appointing authority, the working test indicates that (1) the employee is unable or unwilling to perform his duties satisfactorily, or (2) his habits and dependability do not merit his continuance in the service; provided not more than three (3) employees shall be removed successively from the same position. Upon the removal, the appointing authority shall forthwith report to the Director and to the employee removed his action and the reason therefor”.

. Rule VII, Sect. 1.3 & 1.4 provide:
1.3 Extension of time. The director may, upon the written request of an appointing authority, and a copy to the employee made not later than ten (10) days before the expiration of a working test period, extend the duration of such working test. No extension shall be allowed which would make the total working test period longer than one year.
1.4 Failure by an appointing authority to give the ten (10) days prior written notice to the Director and a copy thereof of the employee shall have the same force and effect as a satisfactory report.

. LSA-Const. Art. 14, § 18 provides:
§ 18. Existing Laws
Section 18. (A) Retention. Laws in force on the effective date of this constitution, which were constitutional when enacted and are not in conflict with this constitution, shall remain in effect until altered or repealed or until they expire by their own limitation.
(B) Expiration of Conflicting Law. Laws which are in conflict with this constitution shall cease upon its effective date.
See also the well-written, well-considered opinion of the Civil Service Commission.
BY THE COMMISSION: The commission rules that the statute cited by the appellant, R.S. 33:2417, does not shorten the working test period by ten days according to its terms, because it is clear under the statute that an employer may still dismiss during the full six months, notwithstanding the fact that he may or may not have submitted an unsatisfactory report. In addition, the Commission holds that the stat *261 ute was passed in 1944 prior to the effective date of the Louisiana Constitution of 1974, the Commission’s Rules preempt the effect of the statute in this regard, particularly Rule VII, Section 1.3 and 1.4. Under the Civil Service Rules, failure to give notice ten days prior to the termination of the working test period has no effect on the working test period as contended by the appellant.