Dear Mayor Tallo:
It is the opinion of this office that Act 446 of the 1995 Regular Legislative Session is controlling over the local rules which you submitted to us attached to your correspondence. The Act provides:
 ACT No. 446
 House Bill No. 2092 By Representative Toomy AN ACT
 To amend and reenact R.S. 33:2214(B), relative to sick leave for clerical and non-enforcement related employees of any paid police department operated by a municipality which has a population of between twelve thousand and two hundred fifty thousand, with the exception of the city of Westwego; to exempt clerical and non-enforcement related employees of any paid police department operated by a municipality which has a population of between twelve thousand and two hundred and fifty thousand, with the exception of the city of Westwego, from annual vacation and/or sick leave provisions applying to all other police department employees; and to provide for related matters.
 Be it enacted by the Legislature of Louisiana:
 Section 1. R.S. 33:2214(B) is hereby amended and reenacted to read as follows:
 § 2214. Annual vacation; sick leave; recovery from third persons
 * * * * *
 B. (1) Each employee of the police departments of the municipalities covered by this Subpart, except the city of Westwego, shall be entitled to and given with full pay a sick leave aggregating not less than fifty-two weeks during any calendar year when the conditions actually warrant. Any police department employee who draws such full pay during sick leave shall have such pay decreased by the amount of worker's compensation benefits actually received by such employee.
 (2) An employee of the police department, for purposes of this Subsection, shall not include personnel employed primarily to perform purely clerical or non-enforcement duties, including but not limited to the following: Typographical duties, office machine operators, switchboard operators, filing clerks, stenoclerk, stenographers, and secretaries.
 * * * * *
 Section 2. This Act shall become effective only for those employees hired after January 1, 1996.
 Approved by the Governor, June 17, 1995.
 Published in the Official Journal of the State: July 14, 1995
Note that the Act excludes from the annual fifty-two week sick leave benefit those clerical employees as set forth in R.S.33:2214(B)(2); however, this exclusion is effective only as to those employees hired after January 1, 1996, as per Section 2 of the Article. Thus, those clerical employees hired prior to that date are grandfathered under former law and still entitled to the fifty-two week sick leave benefit.
It is of import to note that we are informed that the City of Hammond does not fall under the provisions of LSA-Const. Art. 10 § 1 (B)(1974),[1] but rather is governed by LSA-Const. Art 14 § 15.1 of the Constitution of 1921 [retained under the authority of LSA-Const. Art. 10 § 18 (1974)][2]. The specific provision of interest in LSA-Const. Art. 14 § 15.1 (1921) is paragraph 8, providing in pertinent part:
 8. Rules. Each board may adopt and execute rules, regulations, and orders necessary or desirable effectively to carry out the provisions of this Section, and shall do so when expressly required by this Section. No rule, regulation, or order shall be contrary to, or in violation of, any provisions, purpose, or intent of this Section or contrary to any other provisions of law. The board may amend or repeal any rule or part thereof in the same manner provided herein for the adoption of the rule. All rules shall be applicable to both the fire and police classified services, unless by express provisions therein, it is made applicable to only one of the services. (Emphasis added).
The local rule may not be contrary to the statute, as per the emphasized portion of the constitutional provision quoted above. Thus, Act 446 of 1995 amending R.S. 33:2214(B) is controlling over the local rule in the instant matter.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] LSA-Const. Art. 10 § 1(1974) provides:
 § 1. Civil Service Systems
 Section 1. (A) State Civil Service. The state civil service is established and includes all persons holding offices and positions of trust or employment in the employee of the state, or any instrumentality thereof, and any joint state and federal agency, joint state and parochial agency, or joint state and parochial agency, or joint state and municipal agency, regardless of the source of the funds used to pay for such employment. It shall not include members of the state police service as provided in Part IV of this Article or persons holding offices and positions of any municipal board of health or local governmental subdivision.
 * * * * *
 See Bellard vs. Department of Streets, 421 So.2d 258
(La.App. 4th Cir. 1982); writ den., 427 So.2d 1208 (La. 1983), for a discussion of the import of LSA-Const. Art. 10 § 10 (1974).
[2] LSA-Const. Art. 10 § 18 (1974) provides:
 § 18. Prior Provisions
 Section 18. Except as inconsistent with this Part, the provisions of Article XIV, Section 15.1 of the Constitution of 1921 are retained and continued in force and effect as statutes. By law enacted by two thirds of the elected members of each house, the legislature may amend or otherwise modify any of those provisions, but it may not abolish the system of classified civil service for such firemen and municipal policemen or make the system inapplicable to any parish or fire protection district operating a regularly paid fire department. However, in a municipality having a population exceeding four hundred thousand, paid firemen and municipal policemen shall be included if a majority of the electors therein voting at an election held for that purpose approve their inclusion. Such an election shall be called by the governing authority of the affected city within one year after the effective of this constitution.